IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN EDWARD SAUNDERS, | § | |
| Petitioner, | § § § | |
| v. | § § | 2:16-CV-87-D |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* filed by petitioner JOHN EDWARD SAUNDERS. By his motion, petitioner challenges his 235-month sentence, arguing such sentence is unconstitutional in light of *Johnson v. United States*, 576 U.S.___, 135 S.Ct. 2551 (2015) and its progeny. For the reasons set forth below, petitioner's motion should be DENIED.

I.
PROCEDURAL HISTORY

On April 24, 2006, petitioner pled guilty to the felony offense of bank robbery (by force or violence) in violation of 18 U.S.C. § 2113(a), (d). *United States v. Saunders*, No. 2:05-CR-46 (01) [ECF 31]. A Presentence Investigation Report (PSR) prepared May 30, 2006 found the career offender provisions of section 4B1.1 of the United States Sentencing Guidelines (USSG) applied to petitioner because (1) he was at least 18 years old at the time of the instant bank robbery offense, (2) the instant bank robbery offense was a crime of violence, and (3) petitioner had at least two prior felony convictions for crimes of violence (*i.e.*, a 1991 state conviction for burglary of a habitation, a

1993 federal conviction for bank robbery, and a 2004 federal conviction for armed bank robbery). [ECF 42 at 7-8]. Consequently, the PSR adjusted petitioner's offense level upward two (2) points for being a career offender under USSG § 4B1.1(d)(D). [ECF 42 at 8]. The PSR also increased petitioner's Criminal History Category one level as a career offender under USSG § 4B1.1. [ECF 42 at 11]. On August 1, 2006, the United States District Judge sentenced petitioner to a term of 235 months imprisonment, at the top of the advisory guideline range, explaining such sentence was due to petitioner's "on-going lifestyle of crimes of violence, held people hostage, escalated from use of a pellet gun to semi-automatic weapons. [Petitioner] is a danger to society and term is consecutive to others to protect society." [ECF 57]. Petitioner's sentence was ordered to run consecutively to the sentences imposed for his 1993 and 2004 federal sentences.

Petitioner directly appealed his conviction to the United States Court of Appeals for the Fifth Circuit. [ECF 38]. On June 20, 2007, the Fifth Circuit affirmed petitioner's conviction and sentence. *United States v. Saunders*, No. 06-10898 [ECF 54, 55].

On May 2, 2016, petitioner placed the instant *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* in the prison mailing system, such petition being received and filed of record May 6, 2016 in *Saunders v. United States,* No. 2:16-CV-87-D. [ECF 2].

II.
PETITIONER'S ALLEGATION

In his motion to vacate, petitioner contends his sentence is unconstitutional in light of *Johnson v. United States*, 576 U.S.___, 135 S.Ct. 2551 (2015) and its progeny. Specifically, petitioner argues he was denied due process of law because the sentencing Court "used a constitutionally infirm statute/USSG to enhance Petitioner's sentence; *i.e.*, §§ 4B1.1 & 4B1.2(a) of the United States Sentencing Guidelines."

## III.
## APPLICABILITY OF *JOHNSON*

In *Johnson*, the United States Supreme Court struck as unconstitutionally vague the residual clause of the statutory definition of "violent felony" contained in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), and held that "imposing an increased sentence" under that clause "violates the Constitution's guarantee of due process."[1]  Petitioner argues *Johnson* applies to his case and renders his sentence unconstitutional.  Petitioner, however, did not receive an increased sentence under the residual clause of the ACCA, nor was he even sentenced under the ACCA.  In fact, petitioner's base offense level was increased solely under the sentencing guidelines rather than pursuant to statute.  *Johnson* is not applicable to petitioner's case and does not afford him any relief.

---

[1] The Supreme Court has held the holding in *Johnson* announced a new rule of constitutional law that is retroactive to cases on collateral review.  *See Welch v. United States*, 578 U.S.___, 136 S.Ct. 1257, 1264-65 (2016).

Petitioner's claim appears, instead, to be a challenge to the application of the 2-level USSG career offender enhancement under USSG § 4B1.1 to determine his advisory guideline sentencing range in the PSR.[2]  The United States Supreme Court has determined, however, that the USSG guidelines "are not amenable to a vagueness challenge."  *See Beckles v. United States*, U.S.__, 137 S.Ct. 886, 894 (2017).[3]  The Court explained that "[u]nlike the ACCA [considered in *Johnson*], . . . the advisory Guidelines do not fix the permissible range of sentences.  To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.  Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause."  *Id.* at 892.  Petitioner's claim of constitutional error in applying an impermissibly vague guideline provision is determining his advisory sentencing guideline range is without merit.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* filed by petitioner JOHN EDWARD SAUNDERS be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO APPEAL

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 16, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[2]Although petitioner identifies USSG § 4B1.2(a) of the guidelines in his ground of error, a review of the PSR in his case reveals that provision was not utilized in determining his guideline range.

[3]*Beckles* considered USSG § 4B1.2(a)(2) which contained a residual clause identically worded to that of the ACCA found unconstitutionally vague in *Johnson*.

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the District Judge. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).